## SMITH *v.* THE UNITED STATES.

CRIMINAL LAW; MURDER; VERDICT.

In charging the jury in a murder trial, it is not error for the trial court. after stating that it is for them alone to determine whether their verdict shall be a qualified one under the act of Congress of January 15, 1897, allowing them to add thereto "without capital punishment," to instruct them as to the circumstances under which it would be proper or improper

for them to return a qualified verdict; *following* Strather *v.* United States, *ante*, p. 132; Mr. Justice SHEPARD *dissenting*.

No. 797. Submitted May 13, 1898. Decided June 7, 1898.

HEARING on an appeal by a defendant indicted for and convicted of murder. *Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Warder Voorhees* for the appellant.

*Mr. Henry E. Davis,* U. S. Attorney for the District of Columbia, and *Mr. D. W. Baker* and *Mr. John E. Laskey,* Assistant Attorneys, for the United States.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

Edward Smith was indicted on the 31st of December, 1897, for the crime of murder. The crime is alleged to have been committed on the 15th of November, 1897. The indictment charges that the accused wilfully and feloniously, with malice aforethought, on the date just mentioned, caused the death of one Edmonia Jackson, by blows and wounds inflicted by a hatchet. To the indictment the accused pleaded not guilty, and, upon trial, he was found guilty of murder as indicted, by the verdict of a jury. He was thereupon sentenced to be hung, and he has appealed.

The facts of the case are not conflicting, but they are not material to be recited for the decision of the question presented on this appeal. The only question raised by exception is one upon the charge to the jury, whereby the judge below instructed the jury as to the construction and effect of the act of Congress of January 15, 1897, entitled "An act to reduce the cases in which the penalty of death may be inflicted," and as to the circumstances under which it would be proper or improper for the jury to return a qualified verdict under the statute. The jury were expressly informed by the judge that the question, whether the verdict should be a qualified one under the statute or not, was a matter alone for their determination; "that the jury were

authorized, in returning a verdict of guilty of murder, if the evidence justified them on their consciences in so doing, to qualify the verdict by the addition of the words 'without capital punishment.'"

Whether the court has the right to advise the jury as to the circumstances under which the qualified verdict should or should not be rendered, or whether the jury should be left without instruction, with an unquestioned option to return a verdict of guilty of murder as indicted, or guilty "without capital punishment," in any and all cases, without any reference whatever to the facts and circumstances of the case, is a question that this court has fully considered in the preceding case of *Strather* v. *United States, ante,* p. 132, and our decision in that case fully embraces and disposes of the question raised by the exception in this case. We shall, therefore, following the decision in the preceding case of Strather, affirm the judgment appealed from in the present case; and it is so ordered.    *Judgment affirmed.*

For dissenting opinion of Mr. Justice SHEPARD, see *ante,* p. 153.

The judgment in this case was reversed by the Supreme Court of the United States, to which court the case was taken on writ of error, January 3, 1899.